

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 18, 2019

<u>By ECF</u>
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States* **v.** *Ross William Ulbricht*, **19 Civ. 7512 (LGS)**

Dear Judge Schofield:

      The parties write in response to the Court's Orders dated December 5 and 16, 2019, which directed the parties to meet and confer regarding whether the Petitioner Ross Ulbricht's current counsel may be present at any Government debriefing of Ulbricht's trial counsel, Joshua Dratel, Esq. who is subject to Ulbricht's pending ineffective assistance claims, and submit a letter outlining the parties' positions.

      The parties' disagreement about the appropriate interview procedure has been mooted, as a practical matter, by Dratel's decision to decline to participate in an interview. The Court's November 13, 2019 Order ordered that Dratel "may discuss the issues raised in the 2255 Petition with the Government and, if necessary and appropriate, give sworn testimony, in the form of an affidavit or otherwise, addressing the allegations of ineffective assistance of counsel made by Petitioner."

      The Government submits that an affidavit addressing the allegations of ineffective assistance is both appropriate and necessary for the Government to respond to the Petition. Accordingly, the Government requests that the Court issue an Order, requiring Dratel to provide sworn testimony in the form of an affidavit addressing the allegations of ineffective assistance of counsel made by the Petitioner. *See, e.g.*, *Douglas v. United States*, 09 Civ. 9566 (CM), 04 Cr. 1064 (CM) (S.D.N.Y. Jan. 28, 2011) (describing procedure pursuant to which trial attorney would be ordered to "give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel"). A proposed order is enclosed.

      Ulbricht does not oppose the Government's request for Dratel to provide sworn testimony in the form of an affidavit prepared by Dratel specifically addressing the claims of ineffective assistance of counsel raised in his § 2255 motion, subject to an appropriate protective order.

The parties further request that: Dratel's affidavit be due within 30 days of the Court's Order or at a date of the Court's choosing; the Government's response to the Petition be due 30 days from Counsel's submission of an affidavit; and Petitioner's reply be due within 30 days of the Government's response.

The parties have one remaining related disagreement. Ulbricht requests the Government consent to a protective order limiting the purposes for which the Government can use any information provided by Dratel in this proceeding. Ulbricht believes that every U.S. Court of Appeal to address the issue squarely has held in the context of § 2255 proceedings that a "narrow waiver" rule is appropriate. *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003); *United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010). The *Bittaker* court reasoned that:

> [i]f a prisoner is successful in persuading a federal court to grant the writ, the court should aim to restore him to the position he would have occupied, had the first trial been constitutionally error-free. Giving the prosecution the advantage of obtaining the defense casefile—and possible even forcing the first lawyer to testify against the client during the second trial—would assuredly not put the parties back at the same starting gate.

*Id*. at 722-23; *see also United States v. Straker*, 258 F. Supp. 3d 151, 158 (D.D.C. 2017) (collecting cases and concluding that out of Circuit authority supported imposing a protective order). Ulbricht maintains that an appropriate protective order would order, at minimum, the following:

> The attorney-client privilege applicable to Ulbricht's communications with Dratel shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this § 2255 proceeding. The affidavit and documents supplied by Dratel shall be limited to use in this proceeding, and the Government is prohibited from otherwise using the privileged information disclosed by Dratel without further order of a court of competent jurisdiction.

The Government respectfully submits that such a protective order is not appropriate, because any affidavit provided by Dratel will be publicly filed with the Court, and will have been necessitated by Ulbricht's own, voluntary decision to raise ineffective assistance claims and waive privilege. The Government submits that the three out-of-Circuit cases cited by Ulbricht are not persuasive authority here. In *Bittaker v. Woodford*, the district court issued a protective order covering documents and materials to be produced by former counsel in response to broad discovery requests issued by the party opposing the habeas petition, including "trial counsels' files," and "depositions of trial counsel, petitioner's defense team and petitioner." 331 F.3d 715, 717 & n.1. The order deemed that broad set of "documents" to be "confidential" and prohibited the Office of the California Attorney General from disclosing the "contents of the documents and the documents" themselves to other agencies without an order from the Court. *Id.* Here, by contrast, the affidavit from former counsel, and any supporting documents, would be publicly filed with the Court, as is commonly the practice in this District.

The other cases cited by Ulbricht refer back to *Bittaker*. *United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) applied *Bittaker* in the context of a resentencing after a § 2255 violation was found, to preclude the Government from relying on formerly privileged materials at resentencing. *United States v. Straker*, finding no D.C. Circuit law on point, similarly applied *Bittaker* and found support for the entry of a protective order in a comment to the District of

2

Columbia Rule of Professional Conduct 1.6, and a D.C. Bar Ethics Opinion, albeit with a carve-out for a perjury prosecution against the habeas movant.  258 F. Supp. 3d at 154.

*Bittaker* conflicts with at least one other out-of-Circuit authority.  *See United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987) (holding that after defendant waived attorney-client privilege at a prior evidentiary hearing, district court properly permitted defendant's counsel to testify at trial within the scope of counsel's testimony at the hearing, "which was already in the public domain pursuant to the waiver of the privilege.").  Moreover, *Bittaker* and the cases citing it are contrary to the uniform practice in this District and Circuit requiring testimony or information from counsel responding to ineffective assistance claims without a protective order.  *See, e.g.*, *Douglas v. United States*, No. 04 CR 1065 CM, 2011 WL 335861, at *2 (S.D.N.Y. Jan. 28, 2011) (McMahon, J.); *United States v. Scali*, No. 16 Cr. 466, Doc. No. 204 (S.D.N.Y. June 5, 2018) (Roman, J.),  *James Hardy v. United States*, 11 Civ. 8282, Doc. No 7, (JSR) (AJP) (S.D.N.Y. Jan 5, 2012) (Peck, M.J.).  Further, the protective order requested by Ulbricht would seem to improperly immunize him from committing perjury in this proceeding, should any perjury be discovered through affidavits or other information obtained from counsel as to which he has waived privilege.

Accordingly, the Government submits that the Court should enter the requested Order without any limitations on any party's use of counsel's testimony.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By: /s/ Vlad Vainberg
Vladislav Vainberg
Michael Neff
Eun Young Choi
Assistant United States Attorneys
Southern District of New York

cc: Zachary Newland, Esq. (via ECF)
Joshua Dratel, Esq. (via e-mail)

3