UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ROSS WILLIAM ULBRICHT,                          :

                Movant,                          :

  -v.-                                                        :   19 Cv. 7512 (LGS)

UNITED STATES OF AMERICA,              :   **REPLY MEMORANDUM
                                                                                   IN SUPPORT OF**
                                                            :   **28 U.S.C. § 2255 MOTION**

                Respondent.
                                                              :
------------------------------------------------------------- x

## I. INTRODUCTION

The Government invites the Court to find attorney Joshua Dratel ("Dratel") more credible than Ross William Ulbricht ("Ulbricht") in an effort to avoid a hearing with live testimony on Ulbricht's 28 U.S.C. § 2255 claims. The Court should decline the Government's invitation. While the Second Circuit has approved of district courts using a "middle road" approach in deciding whether to grant a live hearing, *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001), that approach would be improper here.

Contrary to what the Government asserts, the Dratel declaration is not the kind of "detailed affidavit from trial counsel" *Chang* had in mind. *Id.* ██████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ The Court, in

considering Ulbricht's § 2255 allegations, is required to review the evidence "in the light most favorable to [Ulbricht]." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (alterations added). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Quinones v. United States*, 637 Fed. Appx. 42, 43 (2d Cir. 2016) (district court erred in finding lawyer's unsworn statement more credible than statement from § 2255 movant because lawyer's unsworn statement was not evidence).

Additionally, unlike in *Chang*, this Court did not preside over the trial in the case. *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) ("Judge Glasser, having tried the case, was intimately familiar with the trial proceedings and the events and circumstances surrounding them"); *Puglisi v.* 586 F.3d at 214 ("*[W]hen the judge that tried the underlying proceedings also presides over the Section 2255 motion*, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner") (emphasis added). As such, the Court is not positioned—on a paper record alone—to appropriately judge the demeanor or credibility of Ulbricht or Dratel concerning factual matters that are almost entirely outside the record. *See, Mui v. United States*, No. 99-CV-03627 (SJ) (RER), 2011 U.S. Dist. LEXIS 72442, at *9 (E.D.N.Y. July 6, 2011).

Finally, a live hearing is needed because it would be improper to merely credit Dratel's declaration over Ulbricht's. *Pham v. United States*, 317 F.3d 178, 184 (2d

Cir. 2003) (district court erred because it "merely credited the affirmation of Pham's trial counsel over Pham's affirmation"); *Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999) ("We cannot adopt a per se 'credit counsel in case of conflict rule,' which allows that in any case where the issue comes down to the 'bare-bones testimony' of the defendant against the contradictory testimony of counsel, defendant is going to lose every time.").

Accordingly, for these and the following reasons, the Court should schedule a live evidentiary hearing in this matter.

## II. ARGUMENT

### (a) ULBRICHT'S PLEA CLAIMS WARRANT A HEARING

The Government argues that Ulbricht's plea claims are "meritless," ECF 21 at 12, essentially asking the Court to credit Dratel's statements over Ulbricht's. (ECF 21 at 14-15). The Government also contends that Ulbricht cannot show prejudice for his guilty plea claims. (ECF 21 at 16-18). Viewing the "record in the light most favorable to" Ulbricht, as the Court must, the Court should reject the Government's arguments and order a live evidentiary hearing. *Puglisi*, 586 F.3d at 213.

The Government argues that "[t]he Court need not credit Ulbricht's self-serving assertions where, as here, Dratel has submitted a detailed sworn affidavit describing his and his associate's communications with Ulbricht about the plea process, and candidly responding to each of Ulbricht's assertions." (ECF 21 at 18).

████████████████████████████████████████████████████████

████████████████████████████ █████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████ For these reasons, the Dratel declaration is not the kind of "detailed affidavit from trial counsel" that permits resolution of Ulbricht's claims without a live hearing. *Chang*, 250 F.3d at 86.

The Government also contends that Ulbricht cannot show prejudice because he has not put forth objective evidence that he would have accepted the Government's plea offer or pleaded "open" but for counsel's deficient performance. (ECF 21 at 21). According to the Government, "Ulbricht faced a Guidelines recommendation of life in prison in both instances. Ulbricht cites no authority finding prejudice in a no-disparity context, nor is the Government aware of any." (ECF 21 at 21).

The premise of the Government's argument about "no disparity" ignores the kind of "disparity" at work in this case: the difference between a sentence following a guilty plea and the sentence that results from the "trial tax." The Government does not dispute that the "trial tax" played a role in the ultimate sentence that was imposed or that the "trial tax" does not result in longer sentences more generally. Instead, the Government suggests that it is "pure speculation" that Ulbricht would

---

1 

have been sentenced to less than life without the trial tax, in a way suggesting that Ulbricht needs to show that he would have *in fact* been sentenced to less than life if he would have pleaded guilty. (ECF 23 at 17). But that is not the relevant legal standard. As the Second Circuit has held:

> A reasonable probability is a probability sufficient to undermine confidence in the outcome," *Strickland*, 466 U.S. at 694; but "reasonable probability" is a less demanding standard than "more likely than not," *e.g., Kyles v. Whitley*, 514 U.S. 419, 434, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995). "[A] defendant *need not* show that counsel's deficient conduct *more likely than not* altered the [**47] outcome in the case." *Strickland*, 466 U.S. at 693 (emphases added); see, e.g., Nix v. Whiteside, 475 U.S. 157, 175, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986) ("[A] defendant need not establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under *Strickland*."). Here, although it had noted that the standard was "a reasonable probability" of a different outcome, August 2010 Order at 11, the district court framed the question as whether Perez-Olivo's inadequate assistance at sentencing "*had* an adverse effect," id. at 12 (emphasis added); and it concluded that Gonzalez had failed to demonstrate that the substandard performance "*adversely affected* his sentence," *id*. at 14-15 (emphasis added).

*Gonzalez v. United States*, 722 F.3d 118, 135 (2d Cir. 2013). Ulbricht can show a reasonable probability that he would be sentenced to less than life, as argued in his original supporting memorandum. (ECF 8 at 28).

### (b) THERE WAS NO ADVERSARIAL TESTING OF THE GOVERNMENT'S CASE AT TRIAL

The Government, in an about face to what it argued before the jury, now suggests that Dratel's decision to concede that Ulbricht created the Silk Road was part of a "nuanced defense theory." (ECF 21 at 23, 27). The Government should be judicially estopped from making this argument. *New Hampshire v. Maine*, 532 U.S.

742, 749 (2001). Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.* That is precisely what the Government is attempting to do here. At trial the Government told the jury that Dratel's concession that Ulbricht had created the Silk Road was conclusive as to Ulbricht's guilt because the "government doesn't have to prove that the defendant's criminal activity continued from start to finish." (Trial Tr., Feb. 3, 2015, ECF 218 at 103-104).

Moreover, the Government attempts to improperly inject a prejudice analysis into the Court's consideration of this claim. (ECF 21 at 24). As Ulbricht argued in his original supporting memorandum, prejudice is presumed when there is no meaningful adversarial testing of the Government's case. *See*, *United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005); *Phillips v. White*, 851 F.3d 567, 581 (6th Cir. 2017); (ECF 8 at 21).

### III. CONCLUSION

The Court should grant Ulbricht an evidentiary hearing on his § 2255 claims.

Respectfully submitted,

/s Brandon Sample
Brandon Sample
**Brandon Sample PLC**
P.O. Box 250
Rutland, Vermont 05702
Tel: (802) 444-4357
Fax: (802) 779-9590
E-mail: brandon@brandonsample.com
Vermont Bar: 5573
https://brandonsample.com

**Reply Memorandum in Support of 28 U.S.C. § 2255 Motion**                                Page 6 of 7

/s Zachary Lee Newland
Zachary Lee Newland
Senior Litigation Counsel
**Brandon Sample PLC**
P.O. Box 250
Rutland, Vermont 05702
Tel:  (802) 444-4357
Fax: (802) 779-9590
E-mail: zach@brandonsample.com
Texas Bar: 24088967
https://brandonsample.com

*Counsel for Ross William Ulbricht*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 27th day of March, 2020 via CM/ECF on all counsel of record.

s/ Brandon Sample
Brandon Sample