

Via ECF Filing Only

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
Daniel Patrick Moynihan U.S. Courthouse
New York, New York 10007

> Pursuant to Rule 6(a) of the Rules governing Section 2255 Proceedings For the United States District Courts, the Court does not find there is good cause to permit discovery in light of the Government's filings at Dkt. Nos. 36 and 38.  *See United States v. Durrani*, 115 F. App'x 500, 502-03 (2d Cir. 2004) (summary order).  Petitioner's application is **DENIED**.
>
> The Clerk of Court is respectfully directed to file this in 19cv7512 and 14cr68 and to close the open motion at Dkt. No. 32.
>
> SO ORDERED.        Dated: April 12, 2021        New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

RE:   *Ross William Ulbricht v. United States*, No. 19 Civ. 7512 (LGS) (S.D. N.Y.)
         Motion for Leave to File 28 U.S.C. § 2255 Supplement & For Discovery

Dear Judge Schofield:

Ross William Ulbricht ("Ulbricht"), through undersigned counsel, respectfully requests leave to file a supplement to his now pending 28 U.S.C. § 2255 motion. Additionally, consistent with Rule 6(a) of the Rules Governing Section 2255 Proceedings, Ulbricht requests leave to take limited discovery.

Ulbricht alleged in his § 2255 motion that he would have accepted the Government's proposed pre-indictment plea offer or, alternatively, pleaded guilty to the original indictment had his counsel rendered effective assistance. (ECF 8 at pp. 22-28).

On December 18, 2020, Vanity Fair published an article by Nick Bilton entitled "You Are a Criminal: The Double Standard of a Trump Pardon for Silk Road Founder Ross Ulbricht."[1] *See,* Exhibit 1. According to the article, Ulbricht's "sentence could have been a lot less severe. He was offered a plea deal, which would have likely given him a *decade-long sentence*, with the ability to get out early on good behavior." *Id.* (emphasis added).

The pre-indictment plea offer from the United States that Ulbricht was aware of would not have "likely given [Ulbricht] a decade long sentence." Thus, the implication from the Vanity Fair article is that the United States made a different, more favorable plea offer to Ulbricht than the pre-indictment offer. Ulbricht was never told about this other plea offer by his counsel. Ulbricht would have accepted this more favorable offer had it been conveyed to him.

Ulbricht now seeks leave to present a supplement to his pending § 2255 motion concerning this other, more favorable plea offer. However, before presenting that supplement, Ulbricht seeks the opportunity to conduct limited discovery concerning the plea offer that "would have likely given him a decade-long sentence." Ulbricht argues that good cause for limited discovery exists in light of the Vanity Fair article which asserts the existence of this plea offer.

---

[1]   The article can be accessed at https://www.vanityfair.com/news/2020/12/the-double-standard-of-a-trump-pardon-for-silk-road-founder-ross-ulbricht

Brandon Sample PLC                brandonsample.com                Tel: (802) 444-4357
P.O. Box 250                            clemency.com                     Fax: (802) 779-9590
Rutland, VT 05702                  sentencing.net                   info@brandonsample.com

Honorable Lorna G. Schofield
Letter Motion; April 2, 2021
Page 2 of 2

The discovery Ulbricht seeks is as follows:

1. An order requiring the United States to produce to Ulbricht all documents, notes, e-mails and other records reflecting a plea offer that "would have likely given [Ulbricht] a decade-long sentence";

2. An order requiring the United States to answer the following interrogatory:

   Identify (a) any and all plea offer(s) to Ross William Ulbricht that would have likely given him a decade-long sentence; (b) the exact terms of such offer(s); (c) the dates when such offer(s) were conveyed; (d) the names of the person(s) who made the offer(s); (e) the names of the person(s) the offer(s) was conveyed to; (f) whether acceptance or rejection of the offer was ever conveyed to the United States, and if so, by whom and when.

Ulbricht proposes that the United States be afforded 30 days to produce this discovery to Ulbricht. Finally, Ulbricht requests that he be permitted to file his § 2255 supplement not later than 30 days after he receives the United States' discovery production.

Respectfully submitted,

/s/ Brandon Sample
Brandon Sample
Email: brandon@brandonsample.com
Phone: 802-444-4357
Vermont Bar # 5573

*Attorney for Ross William Ulbricht*

cc:  All counsel of record, via ECF notification
     Mr. Ross William Ulbricht, via U.S. Mail only
     File

